## ABE FERGUSON v. STATE.

No. A-8979. Nov. 28, 1936.
(62 Pac. [2d] 1033.)

John F. Vaughan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was by in-

formation jointly charged with Harrol Garrison and Dallas Garrison; was jointly tried with Harrol Garrison, convicted, and his punishment fixed at two years in the state penitentiary.

The information charges Harrol Garrison, Dallas Garrison, and Abe Ferguson with making a connection with a certain storage tank, the property of the Federal Petroleum Corporation, a corporation.

The testimony on behalf of the state shows that Ernest Knorr stated he was the agent of the Federal Petroleum Company on the 16th day of January, 1935; that the company had some storage tanks wherein they kept gasoline and kerosene; on the night of the 15th, or the early part of the 16th, he was called to the tanks and found a garden hose had been dropped into the tank from the opening on top of the tank and gasoline was running out into a barrel near the tank. Considerable evidence was introduced as to barrels being found at other places.

Dallas Garrison, testifying for the state, stated he went down to the Federal Petroleum tanks and that he took a garden hose with him; that he got the hose at Abe Ferguson's house.

The agent, Ernest Knorr, who testified he was the agent of the Federal Petroleum Company, on direct examination undertook to say the cap was on the top of the tank, but on cross-examination he could not say positively that it was; that the cap might have been off the opening in the tank the gasoline was being syphoned out of.

The defendant demurred to the testimony offered on behalf of the state as being insufficient to prove, or tend to prove, the material allegations contained in the infor-

mation, and stated said allegations wholly fail to show the making of the connection with the storage tank used for the purpose of storing gasoline.

The defendant was charged with the violation of section 2274, O. S. 1931, which is as follows:

"Any person who shall unlawfully make or cause to be made any connection with or in any way tap or cause to be tapped, or drill or cause to be drilled a hole in any pipe or pipe line or tank laid or used for the conduct or storage of crude oil, naphtha, gas or casinghead gas, or any of the manufactured or natural products thereof, with intent to deprive the owner thereof of any of said crude oil, naphtha, gas, casinghead gas or any of the manufactured or natural products thereof, shall be guilty of a felony, and upon conviction shall be punished by confinement in the penitentiary for a term of not less than one year nor more than five years."

We have quoted in substance the testimony. The Attorney General in his brief admits that the evidence is to some extent circumstantial as to whether or not the defendant by his actions violated the section of the statute under which he is charged. The Attorney General further admits that Dallas Garrison, if his statement be true, is an accomplice of this defendant, and that Dallas Garrison testified he did not actually witness the hose being put in the tank, and he does not know who put it in the tank. The only statement Dallas Garrison made is that he got the hose at the home of the defendant. The accomplice is not corroborated by any witness connecting the defendant with the crime.

Considering the evidence as shown by the record, it is not deemed necessary to extend this opinion further than to say there is no positive proof on behalf of the state showing any property belonging to the Federal Pe-

troleum Corporation, a corporation, was interfered with, nor is there any evidence showing that the Federal Petroleum Corporation, a corporation, and the Federal Petroleum Company is one and the same corporation. The proof is silent on this point. The evidence does not sustain the allegations in the information. There is no evidence that the Federal Petroleum Corporation, a corporation, was the owner or had any interest in the tank alleged to have been connected with, or the gasoline alleged to have been taken.

There is no evidence to show the quantity of gasoline taken, or its value. The defendant, if guilty of any offense, is guilty of the larceny of the quantity of gasoline alleged to have been taken, and in the absence of proof of its value the district court would be without jurisdiction to try the defendant. The evidence is insufficient to sustain a conviction under section 2274, O. S. 1931.

There are other errors assigned by the defendant but the view we take of this record it is not necessary to consider them. For the reason stated herein the judgment of the trial court is reversed.

EDWARDS, P. J., and DOYLE, J., concur.